**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Prafada,<br><br>    Defendant,<br><br>v.<br><br>State of Arizona,<br><br>    Plaintiff. | No. CR-18-00357-PHX-DGC<br><br>**ORDER** |

  Anne Prafada has attempted to remove her state criminal case to this Court. Doc. 1. The Court will remand the case.

  Ms. Prafada is charged with the misdemeanor offense of failing to ensure that her child attended school for the number of days required by A.R.S. 15-802. *See Arizona v. Prafada*, JC2016-111542 (Maricopa Cty. Justice Ct. Mar. 10, 2016). It appears from the justice court's docket that Ms. Prafada was found guilty after trial on July 20, 2017, but no judgment has been entered to date.[1]

  Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)).

---

[1] *See* http://justicecourts.maricopa.gov/FindACase/caseInfo.asp?caseNumber=JC2016-111542 (last visited Mar. 20, 2018)

Pursuant to 28 U.S.C. § 1446, the federal court must examine the defendant's removal papers "to determine whether removal is appropriate, and the court has the authority to remand a case, sua sponte, for lack of subject matter jurisdiction." *Id.*

Ms. Prafada cites 28 U.S.C. § 1443 as a statutory basis for removal. Doc. 1 at 7, 58. A state prosecution may be removed to federal court under § 1443 only in narrow circumstances. Section 1443(1) authorizes removal where the criminal defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. Cty. Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). Section 1443(1) is strictly construed against removal as "it is considered an encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP, 2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007). Ms. Prafada asserts a host of alleged violations of federal law in her removal papers, but has identified no state law or constitutional provision that denies her the opportunity to raise a federal right in state court, nor has she shown that she will be unable to enforce a federal right in state court.

Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, at *1 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). This case does not fall within that category.

The other federal statutes cited by Ms. Prafada do not provide a proper basis for removal jurisdiction. The Court therefore concludes that Ms. Prafada's criminal case

must be remanded.[2]

**IT IS ORDERED** that all pending motions are denied and the Clerk shall remand this case to Maricopa County Justice Court.

Dated this 22nd day of March, 2018.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[2] It is worth noting that Ms. Prafada has filed a civil action that asserts many of the same alleged federal law violations that are set forth in her removal papers. *See Prafada v. Mesa Unified Sch. Dist.*, No. CV-18-0718-PHX-DGC (D. Ariz. Mar. 9, 2018).