**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Prafada,<br><br>               Defendant,<br><br>v.<br><br>State of Arizona,<br><br>               Plaintiff. | No. CR-18-00357-PHX-DGC<br><br>**ORDER** |

Anne Prafada is charged with the state misdemeanor offense of failing to ensure that her child attended school for the number of days required by A.R.S. § 15-802. *See Arizona v. Prafada*, JC2016-111542 (Maricopa Cty. Justice Ct. Mar. 10, 2016).[1] She attempted to remove her criminal case to this Court by filing a "criminal removal complaint" on March 15, 2018. Doc. 1. The Court remanded the case because the complaint failed to provide a proper basis for removal. Doc. 9. Ms. Prafada has filed an amended complaint. Doc. 10. The Court will again remand the case to state court and direct the Clerk to reject any further filings by Ms. Prafada in this case.[2]

---

[1] *See also* http://justicecourts.maricopa.gov/FindACase/caseInfo.asp?caseNumber=JC2016-111542 (last visited Apr. 4, 2018).

[2] Ms. Prafada has filed a civil action that asserts many of the same alleged federal law violations that are set forth in her criminal removal complaints. *See Prafada v. Mesa Unified Sch. Dist.*, No. CV-18-0718-PHX-DGC (D. Ariz. Mar. 9, 2018). The Clerk may accept filings by Ms. Prafada in the civil action.

In her original complaint, Ms. Prafada cited 28 U.S.C. § 1443 as a statutory basis for removal. Doc. 1 at 7, 58. Removal of a criminal case pursuant to § 1443(1) is permissible only where the defendant identifies "a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. Cty. Super. Ct.*, No. C 09-519 SI, 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). The Court remanded this case in part because Ms. Prafada identified no state law or constitutional provision that denies her the opportunity to raise a federal right in state court. Doc. 9 at 2.

In her amended complaint, Ms. Prafada identifies A.R.S. § 15-802(E) as the state statute used to deny her equal protection of rights. Doc. 10 at 12. But this statute is simply the basis for the state criminal charge against Ms. Prafada. She does not explain how § 15-802(E) denies her the opportunity to raise a federal right in state court. She claims that the criminal prosecution is brought in bad faith, but this is no basis for removal under § 1443(1).

Ms. Prafada also claims that removal is proper under § 1443(2) because Mesa Unified School District "acted under the color of law by retaliation and discrimination upon [her] with threats of criminal prosecution if [she] would not allow her son to be incriminated in a court of law." Doc. 10 at 14. But § 1443(2) is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). This case does not fall within that category.

Ms. Prafada's amended complaint does not provide a proper basis for removal jurisdiction. The case therefore will be remanded.

**IT IS ORDERED:**

1. All pending motions are denied and the Clerk shall remand this case to Maricopa County Justice Court.

2. The Clerk shall reject any further filings by Ms. Prafada in this case.

Dated this 5th day of April, 2018.

*David G. Campbell*
David G. Campbell
United States District Judge